# IN THE SUPERIOR COURT
## OF GUAM

FILED
RIOR COURT
OF GUAM

25  AM 9: 4

THE PEOPLE OF GUAM,                    )     CRIMINAL CASE No. CF 0017-12
                                       )
                                       )
                v.                     )
                                       )     **DECISION AND ORDER**
                                       )
MICHELLE T. UNGACTA,                   )
                          Defendant.   )
                                       )
                                       )

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on March 6, 2013. The People of Guam were represented by Assistant Attorney General Teri C. Tenorio. The Defendant was represented by Attorney F. Randall Cunliffe. Having reviewed the memorandum and papers presented, the court now issues the following decision, denying Defendant's motion for her failure to comply with Rule 7.1(i) of the Local Rules of the Superior Court of Guam.

## BACKGROUND

On January 10, 2103, Defendant filed a paper entitled, Memorandum of Law in Support of Motion for Reconsideration of Court's Decision of November 30, 2012. In it Defendant requests that the court reconsider its November 30, 2012, decision. As part of its reconsideration she requests that the People's indictment be dismissed for violating her 8 GCA § 80.60 statutory right to a speedy trial. In support of this request Defendant argues that the court analyzed her assertion of error under the wrong legal standard. She asserts that the court applied a violation of a defendant's constitutional right to a speedy trial standard of review, as opposed to one for the violation of a defendant's statutory right to a speedy trial.

The People oppose Defendant's request. On March 5, 2013, the People filed a paper entitled, People's Response in Opposition to Defendant's Motion for Reconsideration of Court's Decision and Order of November 30, 2012. In support of its paper the People argue that Defendant's motion does not comply with the requirements of rule 7.1(i) of the Local Rules of the Guam Superior Court. The People cite to the Guam Supreme Court's 2005, *People v. Gutierrez*, decision and argue that Defendant's motion fails to meet the Court's standard for reconsideration.

Defendant filed no reply paper in response to the People's opposition.

### DISCUSSION

Defendant requests that this court reconsider its November 30, 2012, order. Motions that request a court to reconsider a prior decision in a criminal matter are regulated by civil rule 7.1(i) of the Local Rules of the Superior Court of Guam. Super. Ct. Guam G.R. 1.1. It provides that, "[a] motion for reconsideration of the decision on any motion may be made only in accordance with the Guam Rules of Civil Procedures. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." On its face and by interpretation rule 7.1(i) requires that a reconsideration motion first identify or explain how the argument raised is new or novel. *Abalos v. Cyfred, Ltd.*, 2009 Guam 14 ¶ 21.

Additionally the Guam Rules of Civil Procedure have, in criminal matters, been interpreted to require that a court analyze whether: "1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a manifest injustice would otherwise

result." *People of Guam v. Gutierrez*, 2005 Guam 19 ¶ 40. A court's failure to analyze these issues constitutes an abuse of its discretion. *Id.*

In this case Defendant does not assert or argue how or whether her request to reconsider contains arguments or assertions which are new or novel, are supported by: the court's commission of clear error; a change in the intervening law; different evidence or circumstances; or fact which would support a finding of manifest injustice. *Mot.* 1-3. Absent this the court is unable to consider the Defendant's request. cf, *Lamb v. Hoffman*, 2008 Guam 2 ¶ 35. In order for this court to meaningfully review the Defendant's request she first, under the appropriate standard, must "articulate [her] arguments in a way that allows this court to apply recognized rules of law." *Id.* It is not sufficient to assert or argue error and then leave it up to the court to: identify the appropriate standard, elaborate and analyze the arguments, and search for authority either to sustain or reject a position. *Id.*

While the court recognizes that a constitutional standard was inappropriately applied to Defendant's assertion of a violation of her statutory right, it is not convinced that the error is sufficient to support a finding of clear error as required by the Guam Supreme Court. This issue, or other issues perhaps relevant under the standard for reconsideration, were not asserted or explained by the Defendant. A reconsideration of the Court's prior order, under a clear error standard raises additional legitimate issues of when the statutory speedy trial right commenced: whether the good faith presumption discussed in *Flores*, applies to the People's superseding indictments; whether a Defendant's failure to assert arguments of prosecutorial bad faith reset the date of her statutory speedy trial rights. The court's further consideration of these issues outside of their assertion and argument by the Parties introduces a level of advocacy that is outside of the ideals of due process.

## CONCLUSION

Based on the foregoing, the court denies Defendant's request to reconsider. A pretrial hearing on this matter is hereby set for _July 30th_, 2013, at _11:00_ _a_.m.

SO ORDERED, this _25th_ day of _July_ 2013.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

JUL 2 5 2013

Edna M. Nego
Deputy Clerk, Superior Court of Guam